# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

_LAWRENCE E. SCIBLE_          _27261_

*(Enter above the full name of the plaintiff
or plaintiffs in this action).*

*(Inmate Reg. # of each Plaintiff)*

**VERSUS**

CIVIL ACTION NO. _2:09-0174_

*(Number to be assigned by Court)*

_NATHAN LYLE_

_MARGARET CLIFFORD_

_JOHN OR JANE DOE_

_BRIAN GREENWOOD , THREE JOHN OR JANE DOES_

**FILED**

FEB 25 2009

TERESA ... CLERK
Southe... West Virginia

*(Enter above the full name of the defendant
or defendants in this action)*

## COMPLAINT

I.    **Previous Lawsuits**

A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or <u>otherwise relating to your imprisonment?</u>

Yes _X_          No _____

1

B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1.    Parties to this previous lawsuit:

Plaintiffs:    *LAWRENCE E. SCIBLE*

_____

_____

Defendants:    *KAREN STEWARD, et al.*

_____

_____

2.    Court (if federal court, name the district; if state court, name the county);

*U. S. DIST. COURT, NORTHERN DIST. OF W. Va.*

3.    Docket Number:    *1:08 CV 100*

4.    Name of judge to whom case was assigned:

*IRENE KEELEY*

5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

*PENDING*

6.    Approximate date of filing lawsuit:    *4-7-2008*

7.    Approximate date of disposition:    *N/A*

2

**II.**   **Place of Present Confinement:** ~~AMOUNT OLIVE CORRECTIONAL COMPLEX~~ *HUTTONSVILLE CORRECTIONAL CENTER*

   A.   Is there a prisoner grievance procedure in this institution?

   Yes ✓     No _____

   B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?

   Yes ✓     No _____

   C.   If you answer is YES:

   1.   What steps did you take? *I FILED GRIEVANCES CHALLENGING EACH CLAIM AND USED THE APPEAL PROCESS TO COMMISSIONER.*

   2.   What was the result? *DENIED ON EVERY CLAIM*

   D.   If your answer is NO, explain why not: _____

_____

**III.   Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

   A.   Name of Plaintiff: *LAWRENCE E. SCIBLE*

   Address: *MOCC, ONE MOUNTAINSIDE WAY, MT. OLIVE, WV 25185*

   B.   Additional Plaintiff(s) and Address(es): *NONE*

3

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C.   Defendant:   _NATHAN LYLE_

is employed as:   _CORRECTIONAL OFFICER_

at   _MOCC, ONE MOUNTAINSIDE WAY, MT. OLIVE, WV 25185_

D.   Additional defendants:   _MARGARET CLIFFORD, JOHN OR JANE DOE, BRIAN GREENWOOD, ALL CORRECTIONAL OFFICERS, AT MOCC, SAME ADDRESS AS ABOVE._

## IV.   Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

_SEE ATTACHEMENT_

**IV.   Statement of Claim (continued):**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**V.   Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments.
Cite no cases or statutes.

*SEE ATTACHMENT*
_____

_____

_____

_____

_____

_____

_____

_____

_____

**V.      Relief (continued)):**

_____

_____

_____

_____

_____

**VII.   Counsel**

A.      If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____ *NONE* _____

B.      Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes _____          No ✓

If so, state the name(s) and address(es) of each lawyer contacted:

_____

_____

If not, state your reasons:  *MOST WILL NOT TOUCH PRISON*

*CASES THAT I'VE LEARNED OVER THE YEARS.*

C.      Have you previously had a lawyer representing you in a civil action in this court?

Yes _____          No ✓

6

If so, state the lawyer's name and address:

_____

_____

Signed this __12th__ day of ____FEBRUARY____, 20 09.

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2-12-09__.

(Date)

_____

Signature of Movant/Plaintiff

_____

Signature of Attorney
(if any)

7

## ATTACHMENT TO QUESTION "B" OF COMPLAINT

1. LAWRENCE E. SCIBLE V. ROBIN MILLER, et al.
2. U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF W. Va.
3. CIVIL ACTION NO. 5:09-CV-4
4. FREDERICK P. STAMP, JR.
5. PENDING
6. JANUARY 16, 2009
7. STILL PENDING

---

1. LAWRENCE E. SCIBLE V. MIKE MILLER, et al.
2. U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF W. Va.
3. CIVIL ACTION NO. UNKNOWN
4. IRENE KEELEY
5. DISMISSED ON DEFENDENTS MOTION FOR SUMMARY JUDGEMENT
6. UNKNOWN PERHAPS FILED IN 2005
7. UNKNOWN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE E. SCIBLE,**

    **Plaintiff,**

**Vs.**            Civil Action No. _____

**NATHAN LYLE, individually and in his
official capacity; MARGARET CLIFFORD,
individually and in her official capacity;
RUSTY MATHENEY, individually and in
his official capacity; BRIAN GREENWOOD,
individually and in his official capacity;
THREE JOHN AND/OR JANE DOE'S, individually
and in their official capacity,**

    **Defendants.**

## COMPLAINT UNDER 42 U.S.C. § 1983

Submitted by:

Lawrence E. Scible, pro se
Huttonsville Correctional Center
Box-1
Huttonsville, WV 26273

## JURISDICTION AND VENUE

This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of law, of the rights secured by the Constitution of the United States.  The court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3).

The United States District Court for the Southern District of West Virginia is an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

## PARTIES

Plaintiff, Lawrence E. Scible, is a citizen of the United States of America and was at all times relevant herein an inmate of the Division of Corrections of the State of West Virginia, presently incarcerated at the Huttonsville Correctional Center, located in Randolph County, West Virginia.

Defendant, Sergeant Nathan Lyle, was at all times relevant herein an appointed, qualified and acting correctional officer of the West Virginia Division of Corrections and at all times relevant herein was a resident of Fayette County, West Virginia.

Defendant, Lieutenant Margaret Clifford, was at all times relevant herein an appointed, qualified and acting correctional officer of the West Virginia Division of Corrections and at all times relevant herein was a resident of Fayette County, West Virginia.

Defendant, Captain Rusty Matheney, was at all times relevant herein an appointed, qualified and acting correctional officer of the West Virginia Division of

Corrections and at all times relevant herein was a resident of Fayette County, West Virginia.

Defendant, Brian Greenwood, was at all times relevant herein an appointed, qualified and acting correctional and disciplinary hearing officer of the West Virginia Division of Corrections and at all times relevant herein was a resident of Fayette County, West Virginia.

Defendants, Three John and/or Jane Doe's, was at all times relevant herein an appointed, qualified and acting correctional officers of the West Virginia Division of Corrections and at all times relevant herein was a resident of Fayette County, West Virginia.

Defendants, Lyle, Clifford, Matheney, Greenwood and Three John and/or Jane Doe's, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by those in the Division of Corrections whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the Division of Corrections.

## STATEMENT OF FACTS

On or about November 6, 2008, Plaintiff was transferred from the Stevens Correctional Center to the Betty Slayton Work Camp ("SWC") located beside the Mount Olive Correctional Complex ("MOCC"). SWC is a minimum security facility housing inmates employed by the West Virginia Division of Highways ("DOH") by contract with the West Virginia Division of Corrections ("DOC").

On or about November 7, 2008, Plaintiff filed several grievances challenging conditions of confinement at SWC, to Unit Supervisor Lt. Cliver. Generally, Plaintiff grieved overcrowding and inadequate legal services at SWC. (Exhibit "A").

This same date, Defendants Lyle, Methaney, and an unknown correctional officer, escorted Plaintiff outside the work camp building and threatened him with violence and segregation if Plaintiff continued filing grievances against SWC. Plaintiff reported the incident on a unit team request form. (Exhibit "B").

On or about November 11, 2008, Plaintiff filed a unit team request form to Lt. Cliver seeking admittance to a computer to gain access to his legal work contained on a floppy disk. His reply was: "We have no computer access at the work camp." (Exhibit "C").

These unit team request forms are essentially Plaintiff's only avenue to communicate with the unit team or other prison officials. Prisoners are strongly urged under prison regulation to resolve problems at the lowest possible level (request forms)

prior to filing grievances. Moreover, grievance forms do not permit replies by inmates, thus, Plaintiff must reply by unit team request forms.[1]

On or about November 19, 2008, Plaintiff filed a unit team request form to Lt, Cliver and Warden Ballard in response to their previous replies asking Plaintiff to be more specific to his needs. In his request, Plaintiff sought use of Lt. Cliver's computer to access his legal work on his floppy disk. This would entail giving Lt. Cliver the disk so he could retrieve the legal files needed. (Exhibit "D").

On or about November 24, 2008, Plaintiff was intentionally and maliciously arrested and wrongfully placed in segregation at MOCC, under cruel and unusual conditions of confinement, because of his November 19, 2008, unit team request form seeking use of Lt. Cliver's computer. He was intentionally and maliciously charged with violating Policy Directive 325.00, 1.25, compromising an employee, Docket Number MOC-08-1010-G. The charging employee was Defendant Lyle, while Defendants Clifford and Capt. John or Jane Doe knowingly and maliciously approved persecution of Plaintiff in violating his civil rights. (Exhibit "E").[2]

On or about December 1, 2008, Plaintiff appeared before Defendant Greenwood, pleading not guilty. Subsequently, Plaintiff was found guilty and sentenced to 60 days punitive segregation and 60 days loss of privileges. Additionally, Plaintiff was terminated from his employment with the DOH; his custody level raised and also

---

[1] Interestingly, these unit team request forms are sanctioned by DOC Policy Directive 106.00, Channels of Communication. However, this policy is not permitted viewing by inmates. Prisoners are clueless to the proper channels of communication and/or its use.
[2] The Plaintiff was unlawfully detained in segregation, prior to his disciplinary hearing, under an alleged detention report which was never furnished to Plaintiff. Prison officials unlawfully refused to supply plaintiff with a copy of the report and therefore he has no clue to the names of these unknown potential defendants who signed the report and were responsible for his unlawful detention.

transferred to a higher security facility. The disciplinary violation in addition has lessened his chances of being granted parole. (Exhibit "F").

Thereafter, Plaintiff timely appealed his conviction to Warden Ballard and Commissioner Rubenstein, arguing several grounds for relief. First, Defendant Greenwood had found Plaintiff guilty of violating Policy Directive 325.00-1.25, based upon the reading of Policy Directive 325.02 which restricts an inmate's use of a computer to work and educational activities. However, on or about November 10th and 15th, 2008, Plaintiff had filed two (2) unit team request forms complaining of the absence of policy directives and indexes at SWC. Thus, how could he be guilty of a regulation not available for his viewing? (Exhibit "G").

The absence of these policies and indexes that included P.D. 325.02 was in clear violation of DOC P.D. 101.01 and Operational Procedures 1.01, making mandatory current indexes of P.D.'s and O.P.'s be posted in each housing unit for prisoners to review. Without them, how was Plaintiff to know his question to Lt. Cliver was illegal?

Plaintiff's second argument was that his communication was directed at Lt. Cliver not Sgt. Lyle, therefore Plaintiff could not have compromised him, thus, having no cause of action against Plaintiff. The Plaintiff's grievance and request forms attached hereto support this claim.

Third, Plaintiff's request was simply responding to direct orders or inquiry by Lt. Cliver and Warden Ballard, therefore his communication was protected speech and privileged communication right to redress grievances under the First Amendment, including due process and equal protection of law under the facts and circumstances of this case.

Fourth, Plaintiff contended a unit team request form is a legal document, and therefore any statements made therein was protected speech as applied to his request for use of a computer to access his legal work. The Defendants application of compromising an employee as applied to request forms and grievances, subject inmates to punishment, as most complain and/or ask for things they can't have. Simply, requesting an extra pair of shoes above the allotted amount subject an inmate to punishment.

The Plaintiff appealed his conviction to Warden Ballard and Commissioner Rubenstein but was denied same. Thus he has exhausted administrative remedies. (Exhibit "H").

On or about December 1, 2008, Plaintiff grieved his write-up had been in retaliation for the exercise of his right to challenge conditions of confinement at prison at SWC. His grievance was denied at all three levels and thus he has exhausted administrative remedies. (Exhibit "I").

During the foregoing events, Plaintiff was intentionally, willfully, knowingly and maliciously deprived of basic human needs by Defendant Matheney, while awaiting his disciplinary hearing, and shortly thereafter, between November 24, 2008 and December 11, 2008. Matheny was directly responsible for Plaintiff's care while segregated.

On or about November 24, 2008, Plaintiff was placed in a cell without heat and just the clothes on his back. He was not provided blankets, sheets or pillow, or any other property. For eight (8) consecutive days he slept fully clothed on a bare plastic mattress in 40-50 degree temperatures. Between the cold and insufficient bedding and clothing, Plaintiff experienced nightmares and rarely slept to the point of madness. Moreover, without a pillow and proper bedding, under exceptionally cold temperatures, he suffered

extreme discomfort and pain which exasperated his back injury. Finally, on or about November 30, 2008 an unidentified correctional officer took pity upon Plaintiff bringing him a pillow. The following night, Lt. McCloud saw Plaintiff's plight and furnished him with a sheet, blanket and pillow case.

Also during this time Plaintiff was segregated, he was denied his doctor proscribed pain medication for his chronic back pain. Between November 24, 2008 and December 11, 2008, Plaintiff suffered extreme pain in his lower back. The medication Plaintiff was to take was seized upon his arrest and placed in storage with the rest of his property. The Defendants refused to provide him his medication and/or any other means to obtain help for such ailment.

The Plaintiff was also deprived of any change of clothing between November 24, 2008 and December 2, 2008. His wardrobe consisted of one shirt, one pants, one underwear and one pair of socks and boots. Because of the extreme cold temperatures he was unable to remove them. This included sleeping in his boots, day and night, which caused his feet to swell and become painful. Moreover, perspiration in his boots caused his feet to become tender making walking difficult.

Plaintiff was also denied any religious literature, even a Bible, between November 24, 2008 and December 2, 2008. He was unable to study or practice his religion as a Rastafarian without said material. Of all times to need this material it was there in segregation under barbaric conditions of confinement. The emotional pain and suffering was beyond mere words.

The Defendants further deprived Plaintiff of any writing material and/or his legal papers and books, between November 24, 2008 and December 2, 2008. Plaintiff was

denied the right to correspond with his family, friends, courts and other public entities. Moreover, Plaintiff needed his legal material to complete his petition for writ of certiorari due December 3, 2008. As a direct result of this deprivation he was unable to make the deadline for filing the petition. The only item Plaintiff was able to obtain occurred on December 1, 2008, when he used his legal representative's ink pen to file grievances over the conditions described herein.

As Plaintiff's physical and mental health declined, he was denied any social counseling, medical or mental health services or the means to obtain them. For the first nine (9) days of his segregation, not once did any counselor, nurse, doctor or mental health expert visit Plaintiff. The only exception was his induction into segregation where a nurse took his pulse and blood pressure.

Finally, the Plaintiff was denied showering for a period of ten (10) days. It wasn't until December 3, 2008 was he allowed showering.

On or about December 2, 2008, Plaintiff's property (legal documents and books and writing and religious items, etc.) was returned to him. (Exhibit "J").

Throughout the whole ordeal described herein, Plaintiff pled for help to no avail. Each deprivation was intentional and malicious in retaliation for challenging conditions of confinement at SWC. The Plaintiff has grieved these matters described herein to each level of the grievance process but was denied same. Wherefore, he has exhausted administrative remedies. (Exhibit "K").

On or about January 7, 2009, the United States Supreme Court denied Plaintiff's Certiorari as untimely. This was a direct result of the Defendants denying him access to

his legal work while in segregation. Plaintiff grieved the matter at all three levels but was denied same. Thus he has exhausted administrative remedies. (Exhibit "L").

On or about December 25, 2008, Plaintiff submitted a MOCC Law Library-Legal Request Form, attaching a drawing he wished to have copied, and seeking legal advice from one of the institution's paid inmate legal clerks seeking interpretation of W.Va. Code § 14-2B-1, Distribution of Crime Profits Act.

The drawing was Plaintiff's original creation for the cover of a book he had authored about his criminal case and intended to have published. The drawing depicted Lady Liberty and Justice standing naked in a pile of money viewed from the backside, wearing garter belts and heels, essentially looking like strippers, heads turned toward one another touching lips. Captioned below the drawing was: "Beneath the cloaks of Liberty and Justice...lurks whoredom. Strippers, prostitution, drugs and public corruption in the backwoods of W.Va., follow the rise and fall of the Cadillac Ranch, whose ordeal exposes our system of law and order, where Uncle Sam is...the greatest pimp of all! Copyright © 2008 By Lawrence E. Scible, All rights reserved."

Once the drawing was copied and returned to Plaintiff, he intended to mail his drawing and the manuscript of his book, *Butt Naked*, to the publisher Harper/Collins, based in New York.

The Plaintiff's legal question asked of the law clerk was if Plaintiff sold the copyright by contract for one (1) dollar, would the state be entitled to any of the proceeds from book sales under W.Va. § 14-2B-1.

On or about January 6,, 2009, Plaintiff still had not received a response to said legal request form, and thus resubmitted a new request seeking his drawing. (Exhibit "M").

On or about January 9, 2009, Plaintiff received a reply from the MOCC Librarian informing Plaintiff he needed to contact the institutional investigator, Defendant John and/or Jane Doe, about his drawing. (Exhibit "N").

On or about, January 12, 2009, Plaintiff filed several grievances seeking the return of his drawing and request form, challenging the legality of the seizure, which violated his right to free speech, right to association, right to redress grievances and access to the courts, under the First Amendment of the United States Constitution. His grievances were denied at all three levels and thus he has exhausted administrative remedies. (Exhibit "O").

## CLAIMS

The Defendants individually and collectively, under color of law, violated Plaintiff's rights by knowingly, intentionally, willingly, unlawfully and maliciously punishing Plaintiff under a policy directive which is vague and ambiguous as applied to the circumstances of this case, in violation of the First, Fifth and Fourteenth Amendment of the United States Constitution.

The Defendants individually and collectively, under color of law, violated Plaintiff's rights by knowingly, intentionally, willingly, unlawfully and maliciously finding Plaintiff guilty under insufficient and erroneous facts and circumstances in this case, in violation of the First, Fifth and Fourteenth Amendment of the United States Constitution.

The Defendants individually and collectively, under color of law, violated Plaintiff's rights by knowingly, intentionally, willingly, unlawfully and maliciously punishing Plaintiff for the content of his unit team request form and use of the form, violating his right to redress grievances, right to free speech, right to access the courts, right to due process and equal protection of law in violation of the First, Fifth and Fourteenth Amendment of the United States Constitution.

The Defendants individually and collectively, under color of law, violated Plaintiff's rights by knowingly, intentionally, willingly, unlawfully and maliciously

subjecting Plaintiff to cruel and unusual punishment while in segregated detention awaiting his disciplinary hearing, in violation of the First, Fifth, Eight and Fourteenth Amendment of the United States Constitution.

The Defendants individually and collectively, under color of law, violated Plaintiff's rights by knowingly, intentionally, willingly, unlawfully and maliciously withheld Plaintiff's legal work, causing the dismissal of his petition for writ of certiorari, in violation of the First, Fifth and Fourteenth Amendment of the United States Constitution.

The Defendants individually and collectively, under color of law, violated Plaintiff's rights by knowingly, intentionally, willingly, unlawfully and maliciously punishing Plaintiff in retaliation for his use of the grievance system, in violation of the First, Fifth, Eight and Fourteenth Amendment of the United States Constitution.

The Defendants individually and collectively, under color of law, violated Plaintiff's rights by knowingly, intentionally, willingly, unlawfully and maliciously seizing Plaintiff's drawing and legal request form, violating his right of free speech, right of association, right to redress grievances and access the courts, in violation of the First, Fifth and Fourteenth Amendment of the United States Constitution.

## RELIEF

Wherefore, the Plaintiff respectfully prays this court to:

a)      vacate Plaintiff's institutional conviction;

b)      grant the compensatory damages to Plaintiff in the sum of dollars ($50,000);

c)      grant punitive damages to Plaintiff in the sum of dollars ($50,000);

d)      grant Plaintiff his cost of this action, including reasonable attorney fees.

Submitted by:

2-12-09

LAWRENCE E. SCIBLE, PRO SE
HCC, BOX-1
HUTTONSVILLE, WV 26273

## VERIFICATION

I, Lawrence E. Scible, certify under the penalty of perjury the foregoing is true and correct.

_____                    $2-12-09$
Lawrence E. Scible, pro se
Huttonsville Correctional Center
Box-1
Huttonsville, WV 26273